**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**JASON CARPENTER,**

                         **Plaintiff,**

                              **v.**

**MOHAWK VALLEY COMMUNITY**
**COLLEGE et al.,**

                         **Defendants.**

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

                              **6:18-cv-1268**
                              **(GLS/TWD)**

## <u>SUMMARY ORDER</u>

After defendants Mohawk Valley Community College (MVCC) and

Kimberly Evans-Dame removed a state court action commenced by

plaintiff Jason Carpenter to this court, (Dkt. Nos. 1, 2), they filed a motion

to dismiss and/or for partial summary judgment, (Dkt. No. 11 at 1).  In

response, Carpenter cross-moved to amend his complaint, (Dkt. No. 19 at

1), which cross-motion defendants oppose as futile, (Dkt. No. 20 at 2).  For

the following reasons, Carpenter's cross-motion is granted, and

defendants' motion is denied.

Under Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely

give[n] . . . when justice so requires."[1]  Futility is the only basis on which

defendants oppose Carpenter's cross-motion to amend.  (Dkt. No. 20 at 2.)

"A proposed amendment to a complaint is futile when it could not withstand

a motion to dismiss."  *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017)

(internal quotation marks and citation omitted).

     The issue here is one of procedure.  With one exception explained

below, defendants' futility arguments were naturally raised for the first time

in their opposition to Carpenter's cross-motion to amend.  (Dkt. No. 20 at 2,

8-25.)  Carpenter has not responded to those arguments; indeed, he was

unable to do so (without prior permission of the court) under Local Rule

7.1(c).  Without hearing from Carpenter, the court declines to decide the

merits of defendants' futility arguments at this juncture.  *Cf. Pierre v.*

*AngioDynamics, Inc.*, No. 1:12–CV–834, 2013 WL 1292141, at *7 n.6

(N.D.N.Y. Mar. 26, 2013) (declining to address argument raised in reply for

the first time because plaintiff lacked opportunity to respond); *Fink v. Time*

*Warner Cable*, 810 F. Supp. 2d 633, 648 n.9 (S.D.N.Y. 2011) (explaining

---

    [1] Carpenter correctly notes that no scheduling order has been entered, and his cross-motion is governed by Rule 15(a)(2).  (Dkt. No. 19, Attach. 7 at 3 (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).)

rationale for not considering arguments raised for the first time in reply is "to protect a party from unfair surprise by a legal argument that has not been researched and addressed").

The court could attempt to solve this problem by permitting Carpenter to file a reply to defendants' futility arguments. *See* N.D.N.Y. L.R. 7.1(c). But granting the cross-motion to amend—and starting briefing anew with the amended complaint in place—is more expedient.[2]

Defendants' futility argument concerning Carpenter's slander claim is not new. In their motion to dismiss and/or for partial summary judgment, defendants argue that Carpenter's slander claim should be dismissed under the common interest privilege, (Dkt. No. 11, Attach. 9 at 12), which is the same argument that they make concerning the futility of amending of that claim, (Dkt. No. 20 at 10-11). However, the court agrees with Carpenter that, even if the privilege applies here, the privilege vanishes if defendants acted with malice. (Dkt. No. 19, Attach. 7 at 12-14); *see Liberman v. Gelstein*, 80 N.Y.2d 429, 437-38 (1992) ("The shield provided by a qualified privilege may be dissolved if plaintiff can demonstrate that

---

[2] This is especially so because, as defendants recognize, the proposed amended complaint "replaces or substantially changes nearly every paragraph of the original pleading." (Dkt. No. 20 at 2.)

defendant spoke with 'malice.'") (internal citation omitted).  Accepting all

the non-conclusory allegations in Carpenter's proposed amended

complaint as true, as the court must, he has stated a claim to relief that is

plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Carpenter alleges that defendant Evans-Dame made statements to others

that he had a serious drug problem, the statements were false, she knew

they were false, and she made them with the intent of damaging his

reputation.  (Dkt. No. 19, Attach. 2 ¶¶ 84-85, 87, 163-69, 171-74, 181-87.)

He also alleges that Evans-Dame had a motive against him because he

was a man and because she wanted to fire him and replace him with a

woman.  (*Id.* ¶¶ 63, 78, 207, 219, 223, 225.)  Thus, Carpenter plausibly

alleges malice.[3]  *See Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184,

213-14 & n.19 (W.D.N.Y. 2013) (denying motion to dismiss based on

common interest privilege because plaintiff sufficiently alleged malice); *see*

*also Menaker v. C.D.*, 2:17-cv-5840, 2018 WL 5776533, at *6 (E.D.N.Y.

Nov. 1, 2018) ("[B]ecause the common interest privilege constitutes an

---

[3] Again, this assumes, for the sake of argument, that the common interest privilege applies in the first instance.  As Carpenter sufficiently alleges malice, the court need not and does not reach the issue of whether, at this juncture, the privilege would otherwise apply.

affirmative defense . . . it does not lend itself to a preanswer motion to dismiss.") (internal quotation marks and citations omitted).

Having granted Carpenter's cross-motion to amend, defendants' motion to dismiss and/or for partial summary judgment is denied as moot. *See Hunter v. County of Albany*, No. 1:08–cv–1291, 2009 WL 3682675, at *2 (N.D.N.Y. Nov. 2, 2009) (citing *Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008)). Defendants are free, of course, to file a motion against Carpenter's amended complaint, after it is filed. But defendants should be mindful that although Fed. R. Civ. P. 56 "allows a party to move for summary judgment before discovery is complete, such a motion is successful '[o]nly in the rarest of cases' because '[t]he nonmoving party must have had the opportunity to discover information that is essential to [its] opposition to the motion for summary judgment.'" *Great Wall de Venez. C.A. v. Interaudi Bank*, 117 F. Supp. 3d 474, 492-93 (S.D.N.Y. 2015) (quoting *Hellstrom v. U.S. Dep't of Veteran Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)).

Accordingly, it is hereby

**ORDERED** that Carpenter's cross-motion to amend his complaint (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that Carpenter file his proposed amended complaint in accordance with Local Rule 7.1(a)(4); and it is further

**ORDERED** that defendants' motion to dismiss and/or for partial summary judgment (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Thérèse Wiley Dancks to schedule further proceedings in accordance with this Summary Order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 25, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge

6