**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JASON CARPENTER,**

                  **Plaintiff,**

                  v.

**MOHAWK VALLEY COMMUNITY**
**COLLEGE et al.,**

                  **Defendants.**
_____

**6:18-cv-1268**
**(GLS/TWD)**

## SUMMARY ORDER

    Plaintiff Jason Carpenter commenced this action against defendants Mohawk Valley Community College (MVCC), Kimberly Evans-Dame, Oneida County, and Gary Broadhurst, alleging sixteen claims pursuant to the Fair Labor Standards Act[1] (FLSA), 42 U.S.C. § 1983, the Drivers' Privacy Protection Act[2] (DPPA), and New York State law. (*See generally* Am. Compl., Dkt. No. 31.)  In a Memorandum-Decision and Order dated April 20, 2020, (Dkt. No. 60), the court granted in part and denied in part defendants' motions to dismiss and/or for partial summary judgment, (Dkt. Nos. 39, 49, 50).

---

[1] *See* 29 U.S.C. §§ 201-19.

[2] *See* 18 U.S.C. §§ 2721-25.

The court dismissed various claims against defendants, leaving the following claims remaining: (1) a claim pursuant to the FLSA against all defendants; (2) a claim pursuant to the New York Labor Law against MVCC, Dame, and Broadhurst; (3) a claim pursuant to the New York Human Rights Law[3] against MVCC, Dame, and Oneida County; (4) a defamation claim pursuant to New York state law against MVCC, Dame, and Oneida County; (5) a claim pursuant to the DPPA against MVCC, Dame, and Oneida County; (6) a Fourteenth Amendment procedural due process claim pursuant to 42 U.S.C. § 1983 against Dame and Broadhurst; and (7) a Fourteenth Amendment equal protection claim pursuant to 42 U.S.C. § 1983 against Dame. (Dkt. No. 60 at 49-50.)

Now pending is defendants' timely motion for reconsideration.[4] (Dkt. No. 61.) A court may reconsider a previous ruling if (1) there is an intervening change in the controlling law, (2) new evidence comes to light that was previously unavailable, or (3) it is necessary to remedy a clear

---

[3] *See* N.Y. Exec. Law §§ 290-301.

[4] Motions for reconsideration are governed by Local Rule 7.1(g), which provides, in pertinent part, "a party may file and serve a motion for reconsideration or reargument no later than fourteen days after the entry of the challenged judgment, order, or decree." N.D.N.Y. L.R. 7.1(g) (emphasis omitted). Defendants filed their motion two days after the court issued the Memorandum-Decision and Order to which they object, (Dkt. Nos. 60, 61), making their motion timely.

2

error of law or prevent manifest injustice.  *See Doe v. United States*, 815 F. App'x 592, 596 (2d Cir. 2020); *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).  The standard is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

First, defendants argue that reconsideration is necessary to remedy a clear error of law with respect to the court's statements regarding the salary threshold for the FLSA's professional and administrative exemptions.  (Dkt. No. 61, Attach. 1 at 1-4.)  Specifically, they contend that "to qualify for the professional or administrative exemption to the overtime requirements of the [FLSA], the individual must have been paid a salary equal to at least $455 per week.  The [c]ourt stated the salary threshold was $684 per week."  (*Id.* at 1.)

Although the current salary threshold for the exemptions is $684 per week, the threshold at the relevant time—Carpenter's period of

employment[5]—was $455 per week.  *See* 29 C.F.R. § 541.300(a)(1); U.S. Dep't of Labor, Wage & Hour Div., Final Rule: Overtime Update, https://www.dol.gov/agencies/whd/overtime/2019/index (noting that, effective January 1, 2020, the salary threshold was increased from $455 per week to $684 per week); *see also Panora v. Deenora Corp.*, No. 19-cv-7267, 2020 WL 3165183, at *2 n.3 (E.D.N.Y. June 15, 2020) ("The current threshold is $684 per week, but . . . during the period of . . . Plaintiffs employment, the [FLSA] salary threshold for the executive exemption was $455.00.").  Accordingly, the salary threshold for the FLSA's professional and administrative exemptions is satisfied as to both of Carpenter's positions at MVCC, and defendants' motion for reconsideration on this basis is granted.[6]

Next, defendants seek "clarification" with respect to the court's "finding" regarding Carpenter's defamation claim.  (Dkt. No. 61, Attach. 1 at 1, 4-5.)  Specifically, defendants contend that the court did not explicitly state it was accepting Carpenter's allegations as true in finding that he

---

[5] According to Carpenter's amended complaint, (Dkt. No. 31, Am. Compl.), his period of employment with MVCC was from 2009 until February 2018, (*id.* ¶¶ 36, 66).

[6] Notably, as conceded by defendants, (Dkt. No. 61, Attach. 1 at 3), this does not alter the court's decision to deny defendants' motions for partial summary judgment as to Carpenter's FLSA claim.

sufficiently alleged a defamation claim against Dame. (*Id.* at 4-5.) Defendants' request is denied. The court made clear in the beginning of its Memorandum-Decision and Order that the facts were presented in the light most favorable to Carpenter. (Dkt. No. 60 at 2 n.3.) Further, the Rule 12 standard, pursuant to which courts "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor," *Oteze Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted), is well-settled, and the court need not preface every statement in its decisions with that qualifier.

Accordingly, because this ground for reconsideration does not involve an intervening change in the controlling law or new evidence, and it is not necessary to remedy a clear error of law or prevent manifest injustice, it is denied. *See Doe*, 815 F. App'x at 596. However, the court will reiterate here that it did not find that Dame committed slander per se in its Memorandum-Decision and Order; rather, it merely found that, accepting the allegations as true, Carpenter's amended complaint sufficiently alleges a defamation claim.

Accordingly, it is hereby

**ORDERED** that defendants' motion for reconsideration (Dkt. No. 61)

5

is **GRANTED IN PART** and **DENIED IN PART** as follows:

**GRANTED** to the extent defendants' seek reconsideration as to the court's error regarding the FLSA's salary threshold, which was $455 per week during the relevant period; and

**DENIED** in all other respects; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

October 23, 2020
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge