UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON CARPENTER,

                                        Plaintiff,

                                                            6:18-cv-01268 (TWD)

v.


MOHAWK VALLEY COMMUNITY COLLEGE, et al.,

                                        Defendants.

_____

APPEARANCES:                              OF COUNSEL:

WARD ARCURI PLLC                          MICHAEL A. ARCURI, ESQ.
Counsel for Plaintiff                     DOMINIQUE T. ARCURI, ESQ.
84 Genesee Street                         KEVIN J. DWYER, ESQ.
New Hartford, NY 13413

LAW OFFICE OF ZACHARY C. OREN, ESQ.       ZACHARY C. OREN, ESQ.
Counsel for Plaintiff
401 Rutger Street
Utica, NY 13501

FERRARA FIORENZA P.C.                     CHARLES C. SPAGNOLI, ESQ.
Counsel for Defendants                    RYAN L. McCARTHY, ESQ.
5010 Campuswood Drive
East Syracuse, NY 13057

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        Jason Carpenter ("Plaintiff" or "Carpenter") brings claims against Mohawk Valley

Community College ("MVCC" or "College"), Oneida County, Kimberly Evans-Dame, and Gary

Broadhurst (together, "Defendants") for unpaid overtime wages pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York State Labor Law

("NYLL" or "Labor Law"), N.Y. Lab. Law §§ 650 et seq.  The parties consented to the exercise

of jurisdiction by a United States Magistrate Judge.  (Dkt. No. 150.)  Trial in this case is

scheduled to start on August 21, 2023, in Syracuse, New York.  Pretrial telephonic conferences

were held on August 8, 2023, and August 16, 2023.  This decision resolves a series of motions *in

limine* filed by the parties.  (Dkt. Nos. 170, 179, 191, 198, 200, 201, 203.)

## II.    DISCUSSION

### A.    Legal Standards

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to

rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are

definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v.

Defaria*, 88 F.3d 136, 141 (2d Cir. 1996);[1] *see also Luce v. United States*, 469 U.S. 38, 40-41

(1984).  "A court should exclude evidence on a motion *in limine* only when the evidence is

clearly inadmissible on all potential grounds." *Coleman v. Durkin*, No. 9:18-CV-390 (MAD)

(CFH), 2022 WL 446200, at *1 (N.D.N.Y. Feb. 14, 2022).  "Courts considering a motion *in

limine* may reserve decision until trial so that the motion is placed in the appropriate factual

context." *Id*.  "Alternatively, the court is free, in the exercise of sound judicial discretion, to alter

a previous *in limine* ruling at trial as the case unfolds, particularly if the actual testimony differs

from what was contained in the movant's proffer." *Id*. (citing *Luce*, 469 U.S. at 41-42).

Evidence must be relevant to be admissible.  Fed. R. Evid. 402; *see also United States v.

Perez*, 387 F.3d 201, 209 (2d Cir. 2004).  "Evidence is relevant if: (a) it has any tendency to

---

[1]  Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted.  *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  However, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "In making a Rule 403 determination, courts should ask whether the evidence's proper value is more than matched by the possibility that it will divert the jury from the facts which should control their verdict." *Scoma v. City of New York*, No. 16-CV-6693 (KAM) (SJB), 2021 WL 1784385, at *2 (E.D.N.Y. May 4, 2021). In weighing the probative value of evidence against its troublesome qualities under Rule 403, "[d]istrict courts have broad discretion." *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008); *see also Laureano v. City of New York*, No. 17-CV-181 (LAP), 2021 WL 3272002, at *2 (S.D.N.Y. July 30, 2021).

### B.      Plaintiff's Termination

Plaintiff moves to exclude all evidence regarding his termination from employment with the College on February 28, 2018, under Rules 401 and 403.  (Dkt. No. 179.)  Plaintiff argues evidence of his termination is irrelevant to the overtime claims and, to the extent it is relevant, its probative value is substantially outweighed by unfair prejudice. *Id*.  Defendants oppose the motion and, with permission from the Court, Plaintiff replied.  (Dkt. Nos. 182, 190.)  For reasons discussed during the pretrial conferences, the Court grants Plaintiff's motion and Defendants are precluded from introducing evidence of Plaintiff's termination including any alleged transgressions and Defendants' reasoning for terminating Plaintiff.  Additionally, the Court will, in sum and substance, instruct the jury that Plaintiff is no longer an employee of the College, and

they are not to speculate as to the circumstances surrounding the separation from employment, but it was not because Plaintiff demanded overtime compensation.

### C.   The *Mustane* Litigation

Defendants seek to preclude Plaintiff from entering evidence, testimony, or argument regarding the *Mustane* litigation under Rules 401 and 403.  (Dkt. No. 170.)  Plaintiff agrees insofar as the *Mustane* case is not relevant to the overtime claims at issues.  (Dkt. No. 184.) Accordingly, the motion is granted as unopposed.

### D.   The "Overload Rate"

Defendants move to preclude Plaintiff from referring to the "overload rate" prescribed by the collective bargaining agreement covering his position as the Assistant to the Associate Dean, or introducing evidence, testimony, or argument regarding the "overload rate" and its application to his overtime claims under Rules 401 and 403.  (Dkt. No. 170.)  Plaintiff opposes the motion. (Dkt. No. 184.)  The "overload rate" was discussed during the August 8, 2023, conference, and the parties were permitted to submit further briefing on their respective positions regarding the concept of the "overload rate" and its application, if any, to Plaintiff's overtime claims.  (Dkt. Nos. 197, 198, 200.)  For reasons discussed during the pretrial conferences and as set forth in Defendants' submissions (Dkt. Nos. 170, 198), the probative value of the "overload rate," if any, including evidence of how the overload rate was utilized to calculate overtime payments in 2017 and 2018, discussed *infra*, is outweighed by the possibility of it confusing the issues, misleading the jury, and wasting time.  Fed. R. Evid. 401, 403.  Accordingly, Defendants' motion is granted and introduction of evidence or reference to the overload rate will not be permitted.

### E.     The Amounts Paid to Plaintiff Beginning in January 2017

Defendants seek an order precluding Plaintiff from referencing or introducing evidence or testimony covering the amounts he was actually paid in 2017 and 2018, or for arguing those amounts should be considered in determining the amounts required or owed as overtime pay for periods before 2017.  (Dkt. No. 170.)  Plaintiff opposes the motion and argues the amount he was paid for the 2017-2018 basketball season, which included overtime compensation based in part on the "overload rate," "provides direct evidence of the other years that Plaintiff has not been paid overtime for and it prevents the jury from awarding compensation to Plaintiff for years that he has been paid overtime for."  (Dkt. No. 184.)  For reasons explained during the pretrial conferences, set forth in Defendants' submissions, and for reasons set forth herein, Defendants' motion is granted and Plaintiff's 2017 and 2018 earnings are excluded pursuant to Rules 401 and 403.

### F.     The Salary Requirement for FLSA Overtime Exemptions

Defendants argue that based on the law of the case the minimum salary requirements for the FLSA exemptions are not in dispute and seek an order regarding the same.  (Dkt. No. 170.)  Plaintiff agrees.  (Dkt. No. 184.)  Accordingly, this motion is granted as unopposed.

### G.     The Arbitration Decision

Defendants seek an order precluding Plaintiff from introducing evidence or testimony regarding the decision of an arbitrator respecting the College's method of calculating payments to a large class of employees beginning in 2017.  (Dkt. No. 170.)  Plaintiff opposes the motion. (Dkt. No. 184.)  For reasons discussed in the pretrial conferences, the Court finds any probative value of the arbitration decision is substantially outweighed by the possibility of it confusing the issues, misleading the jury, and wasting time.  Fed. R. Evid. 401, 403.  Accordingly, the motion

is granted and the arbitration decision is excluded.  The Court reserves judgment on the admissibility of other evidence and testimony as it pertains to the issues of willful disregard of the FLSA and liquidated damages.

### H.    Plaintiff's Deposition

Defendants filed a letter to notify the Court and opposing counsel of their intent to play portions of Plaintiff's videotaped deposition at trial as direct evidence.  (Dkt. No. 194.[2])  This issue was addressed during the August 8, 2023, conference, and Plaintiff was directed to respond to Defendants' notice.  (Dkt. No. 197.)  Plaintiff responded with both general and specific objections to Defendants' notice.  (Dkt. No. 201.)  With permission from the Court, Defendants replied.  (Dkt. No. 207.)  For reasons discussed during the August 16, 2023, conference, Plaintiff's general objections and specific objections, which Defendants addressed in their reply, are overruled.  (Dkt. Nos. 201, 207.)  Accordingly, only the designated portions of Plaintiff's videotaped deposition, as revised and set forth in Defendants' reply, will be permitted.  (Dkt. No. 207.)  The Court reserves judgment on any objections raised during the deposition.  Defendants are responsible for the coordination of any exhibits including any discrepancy in exhibit numbering.

### I.    Megan Turvey

Defendants intend to call Megan Turvey as a witness to testify at trial.  (Dkt. No. 168.) Plaintiff seeks to preclude Turvey from testifying at trial raising issues of spousal privilege, relevancy, competency, credibility, and prejudice under Rules 401, 403, 601,[3] and 608(b).  (Dkt.

---

[2]  Defendants filed the transcripts of the deposition of Plaintiff, held on October 12, 2020, and November 17, 2020.  (Dkt. No. 185.)  The designated portions correspond to the transcript pages and line numbers.

[3]  Rule 601 provides: "Every person is competent to be a witness except as otherwise provided in these rules."  Fed. R. Evid. 601.  In general, the competence of a witness to testify depends upon

No. 191.)  Defendants respond Turvey's testimony at trial is relevant, admissible, and is not barred by invocation of spousal privilege at this juncture.  (Dkt. No. 203.)  To that end, she will testify as to any admissions Plaintiff made concerning his primary duties in his role as head coach of the women's basketball team, observations and statements as to the hours he worked, and generally how his duties and hours increased in 2017 from his pre-2017 habits.  *Id*.  *See* Fed. R. Evid. 608(a) ("A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character.").  Defendants contend Turvey's testimony bearing on Plaintiff's hours worked will not be cumulative or incompetent and, in any event, such motion is premature.  *Id*.

For reasons discussed during the August 16, 2023, conference, Plaintiff's motion to preclude the testimony of Ms. Turvey is granted in part and denied in part without prejudice to renew at trial as follows.  Ms. Turvey is permitted to testify regarding the issues as outlined in Defendants' letter brief and set forth above.  She is not permitted to testify regarding any alleged transgressions no longer at issue including alleged violations of the National Junior College Athletic Association ("NJCAA") rules and Plaintiff's termination.

### J.    Robert Gould, Ethan Thomas, James Vitale, and Dianne Head

Plaintiff seeks to preclude the testimony of Robert Gould, Ethan Thomas, James Vitale, and Dianne Head because Defendants failed to identify these individuals as witnesses prior to the close of discovery.  (Dkt. Nos. 168, 191.)  If a party fails to disclose a witness under Federal Rule of Civil Procedure 26(a) or (e), a party may not use that witness unless the failure to

---

the witness' capacity to observe, remember, communicate, and understand the nature of the oath and the duty it imposes to tell the truth.  *Diaz v. Mazzuca*, No. 00 CIV 4843, 2001 WL 170662, at *3 (S.D.N.Y. Feb. 21, 2001).

disclose was substantially justified or harmless.  *See* Fed. R. Civ. P. 37(c)(1). "In determining whether preclusion is appropriate, courts must consider: (1) the reasons for the delay in providing the evidence; (2) the importance of the evidence precluded; (3) the prejudice to the opposing party from having to address the new evidence; and (4) the possibility of a continuance." *Cooper Crouse-Hinds, LLC v. City of Syracuse, New York*, No. 5:16-CV-1201 (MAD/ATB), 2022 WL 976903, at *7 (N.D.N.Y. Mar. 31, 2022).  Defendants respond Plaintiff had ample notice of the identities and relevant information of three of these witnesses he challenges under this objection.  (Dkt. No. 203.)  Vitale and Head submitted affidavits in support of Defendants' motion for summary judgment in 2020.  Defendants further contend the testimony of Head is likely moot.  (Dkt. No. 203.)

For reasons stated in the August 16, 2023, conference, Plaintiff's motion to preclude Gould and James from testifying is granted and Plaintiff's motion to preclude Vitale and Head is denied.  However, based on further discussions and the Court's ruling with regard to the "overload rate," the testimony of Head is likely moot and the authentication of documents should be achieved through stipulation.

### K.    Emily Durr, Matt St. Croix, Dominic DiMaggio, and David Warren

Plaintiff also seeks to preclude the testimony of Emily Durr, Matt St. Croix, Dominic DiMaggio, and David Warren on the grounds that their testimony will be cumulative and will cause undue delay.  (Dkt. Nos. 168, 191.)  Defendant opposes the motion.  (Dkt. No. 203.)  For reasons stated in the August 16, 2023, conference, Plaintiff's motion to limit and/or preclude these witnesses is denied without prejudice.  As discussed, Durr, St. Croix, DiMaggio, and Warren are permitted to testify to the issues generally set forth in Defendants' submissions to the

Court.  (Dkt. Nos. 168, 203.)  However, if it becomes apparent the testimony is repetitive and/or cumulative, the Court may preclude such testimony.

**L.     Thomas Torchia and Ryan Calogero**

Plaintiff indicated he planned to call Thomas Torchia and Ryan Calogero at trial.  (Dkt. No. 178.)  During the August 8, 2023, conference, Defendants raised several objections, and the parties were directed to brief the issue of Plaintiff's witnesses.  (Dkt. No. 197.)  Plaintiff no longer intends to call Calogero as he will be unavailable to testify.  (Dkt. No. 201.)  Defendants object to the testimony of Torchia as irrelevant.  (Dkt. No. 203.)  For reasons stated in the August 16, 2023, conference, Defendants' motion to preclude Torchia from testifying is denied without prejudice and the objections to Calogero are moot.  (Dkt. No. 203.)  Accordingly, Torchia is permitted to testify to the issues generally set forth in Plaintiff's response (Dkt. No. 201) based on the understanding Mr. Torchia will not testify about any retroactive overtime payments he may have received, if any, in or about 2017.[4]

**M.     Dismissal of Plaintiff's NYLL Claims Without Prejudice**

On April 20, 2020, the Hon. Gary L. Sharpe, Senior United States District Judge, granted Oneida County's motion to dismiss Plaintiff's NYLL claim for failure to serve a timely notice of claim.  (Dkt. No. 60 at 21-22.)  The parties disagree as the implication of Judge Sharpe's Order on the NYLL claims asserted against MVCC, Broadhurst, and Evans-Dame.

Pursuant to this Court's Trial Order, the parties filed trial briefs of disputed legal issues and evidentiary issues which may arise during the trial, citing applicable rules of evidence and

---

[4]  During the August 8 and August 16, 2023, conferences, Plaintiff's counsel stated Torchia's testimony did not concern retroactive payment of overtime, however, the witness lists Plaintiff submitted say otherwise.  (Dkt. No. 168.)  Based on Plaintiff's representation to the Court, such testimony will not be permitted.

case law.  (Dkt. No. 155, 169, 177.)  As discussed in Point II of their trial brief, Defendants

contend Plaintiff's NYLL claims are meritless because he was not covered by the Labor Law

overtime rules, his claims are time-barred, he did not serve a timely notice of claim, and he was

overtime exempt.  (Dkt. No. 169 at 14-19.[5])  During the August 8, 2023, conference, Plaintiff

expressed concern Defendants were contesting the timing of the notice of claim as to the

College, Broadhurst, and Evans-Dame on the eve of trial.  After hearing from the parties, the

Court directed counsel to brief the issue and submit any further caselaw citations and argument

regarding the notice of claim issue.  (Dkt. No. 197, 198, 200.)

Upon due consideration of the parties' submissions, the law of the case, and for the

reasons discussed during the August 16, 2023, conference, the Court dismisses Plaintiff's NYLL

claims in its entirety without prejudice and denies Plaintiff's request to accept the late notice of

claim *pro nuc tunc* or in the alternative to stay the matter so Plaintiff can petition the New York

State Supreme Court on the timeliness of the notice of claim.

"State claims brought under state law in federal court are subject to state procedural

rules."  *Henneberger v. Cty. of Nassau*, 465 F. Supp. 2d 176, 197 (E.D.N.Y. 2006) (citing *Felder

v. Casey*, 487 U.S. 131, 141 (1988)).  Section 52 of the New York County Law provides, in

pertinent part:

> Any claim or notice of claim against a county for damage, injury
> or death, or for invasion of personal or property rights, of every
> name and nature . . . and any other claim for damages arising at
> law or in equity, alleged to have been caused or sustained in whole
> or in part or because of any misfeasance, omission of duty,
> negligent or wrongful act on the part of the county, its officers,
> agents, servants or employees, must be made and served in
> accordance with section fifty-e of the general municipal law.

---

[5]  Pagination corresponds with CM/ECF.

N.Y. County Law § 52.  Section 50-e of the General Municipal Law, in turn, states that"[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action . . . the notice of claim shall . . . be served . . . within ninety days after the claim arises."  Thus, County Law § 52, in tandem with General Municipal Law § 50-e, requires that any claim for damage, injury, or death against a county – not only one found in tort – must be the subject of a notice served upon the county within ninety days after the claim accrues.  *See Henneberger*, 465 F. Supp. 2d at 198, 198 n.11 (citing cases).

Oneida County is "the local sponsor of [MVCC] pursuant to Education Law § 6302." *Carpenter v. Mohawk Valley Cmty. Coll.*, No. 6:18-CV-1268 (GLS/TWD), 2022 WL 4482738, at *1 (N.D.N.Y. Sept. 27, 2022) (alteration in origiona).  Pursuant to Education Law § 6308, Oneida County, as the local sponsor of MVCC, is required to indemnify the College's trustees, officers, and employees.  Where a claim is against an employee that a county is obligated to indemnify, or against a community college of which the county is a local sponsor, County Law § 52 governs the presentation of the claims.  *See Butterfield v. Board of Trustees of Schenectady County Community College*, 131 A.D.2d 963, 964 (3d Dept. 1987) (county must indemnify employees of  community college of which it is a local sponsor, and thus a notice of a claim against such an  employee must be served upon the county pursuant to County Law § 52); *Santandrea v. Board of Trustees of Hudson Valley Community College*, 70 A.D.3d 1238, 1239 (3d Dept. 2010) (although a notice of claim need not be served directly upon a community college, pursuant to County Law § 52 a notice of claim must be served upon the community college's local sponsor – that is, the sponsoring county – to preserve a claim against the community college or its board of trustees); *Russell v. Westchester Community College*, No. 16-CV-1717 (KMK), 2017 WL 4326545, at *7 (S.D.N.Y. 2017) (County Law § 52 does require

service of a timely notice of claim upon a county to preserve a claim against a community college of which it is the sponsor).

As set forth in Judge Sharpe's Order, (Dkt. No. 60 at 22), "[i]t is well settled that compliance with the notice of claim requirement is a condition precedent to commencement of an action against [a] municipality and the burden is on the plaintiff to plead and prove compliance with the notice of claim requirement." *Friel v. Cty. of Nassau*, 947 F. Supp. 2d 239, 247 (E.D.N.Y. 2013). "This requirement is mandatory in [f]ederal [c]ourt and failure to comply results in dismissal of claims." *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 348 (E.D.N.Y. 2013)." *See Dingle v. City of New York*, 728 F. Supp. 2d 332, 348-49 (S.D.N.Y. 2010) ("Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim."). Judge Sharpe ruled that because Plaintiff's notice of claim was not served until May 18, 2018, it was untimely as to his overtime claims and, therefore dismissed the Labor Law claim in its entirety against Oneida County. (Dkt. No. 60 at 22.)

Here, inasmuch as County Law § 52 applies to the claims against Oneida County, timely service of a notice of claim upon the County was also a prerequisite to bringing the Labor Law claims against MVCC, Broadhurst, and Evans-Dame. As this Court has already held the notice of claim was not timely served upon the County for purposes of the Labor Law overtime claims, the Court dismisses the NYLL claims against the College, Broadhurst, and Evans-Dame. (Dkt. No. 60 at 22; Dkt. No. 169 at 17; Dkt. No. 98 at 5-6.) *See, e.g.*, *Henneberger*, 465 F. Supp. 2d at 199 (finding that "because plaintiffs failed to serve a timely notice of claim on the County, all of their state law claims against the individual defendants and the County are dismissed without

prejudice."). Furthermore, contrary to Plaintiff's assertion, this Court does not have jurisdiction to accept the late notice of claim. (Dkt. No. 200 at 2; Dkt. No. 198 at 6.) *See, e.g.*, *Costabile v. Cty. Westchester*, 485 F. Supp. 424, 531 (S.D.N.Y. 2007). Accordingly, the Court does not reach the parties' arguments regarding the statute of limitations and expresses no opinion on the merits of Plaintiff's Labor Law overtime claims or the likelihood of success should Plaintiff petition the New York State Supreme Court to accept a late notice of claim.

## III.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the motions *in limine* (Dkt. Nos. 170, 179, 191, 198, 200, 201, 203) are **GRANTED IN PART** and **DENIED IN PART** as set forth in this opinion; and it is further

**ORDERED** that Plaintiff's New York Labor Law claims are **DISMISSED WITHOUT PREJUDICE** as against MVCC, Broadhurst, and Evans-Dame; and it is further

**ORDERED** that Plaintiff's remaining FLSA claims will proceed to trial; and it is further

**ORDERED** that counsel file **REVISED** proposed **JURY CHARGES AND VERDICT SHEET** <u>no later than 5:00 PM on August 18, 2023</u>; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  August 17, 2023
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge